# Supreme Court of the Navajo Nation

**Chuska Energy Company,
A New Mexico Corporation,** *Petitioner,*

**vs.**

**The Navajo Tax Commission and Mr. Lawrence White, Conferee
of the Navajo Tax Commission,** *Respondents*
Decided October 10, 1986

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Samuel Pete, Esq., Window Rock, Arizona for the Petitioner; Robert W. Hanula, Navajo Nation Department of Justice, Window Rock, Arizona for the Respondents.*

*Opinion delivered by Austin, Associate Justice.*

Petitioner Chuska Energy Company brought this action in the Supreme Court seeking to enjoin the Navajo Tax Commission and its Conferee from enforcing subpoenas duces tecum, issued by the Conferee to officers, agents, and employees of the Petitioner. Chuska contends that the Conferee "*does not* have authority to issue subpoenas" and that the terms of the subpoenas "exceed the scope of examination of *pertinent* records" as set forth by law.[1] PETITION FOR INJUNCTIVE RELIEF, allegations numbered 10 and 12. We scheduled the case for oral arguments to decide: (1) when the Supreme Court can issue an injunction; and (2) whether an injunction shall be issued in this case.

Chuska Energy Company is a New Mexico Corporation engaged in business as an oil and gas operator under an agreement with the Navajo Nation. The Navajo Tax Commission operates under the Executive

---

1. Chuska also argues that the Commission lacks regulations for discovery or production of records and as to who is responsible for the cost of production of records. These concerns are not addressed in this Opinion.

Branch of the Navajo Nation Government. On August 1, 1985, the Commission notified Chuska that it had been assessed with a possessory interest tax for the year 1985. Chuska disputed the assessment and requested administrative review. The review had progressed to Formal Conference with Lawrence White presiding as Conferee when the instant action was filed.[2]

On May 14, 1986 and on June 16, 1986, Conferee White issued suppoenas duces tecum to Joe F. Thomas, Glenda J. Bass, and Robert L. Berge; all officers, agents, and employees of Chuska. On June 30, 1986, Chuska filed a motion to quash the subpoenas with the Commission. Chuska's motion alleged that the subpoenaed documents were irrelevant and immaterial to the assessment and that the disclosure of the documents would be detrimental to Petitioner's business. PETITIONER'S MOTION TO QUASH dated June 30, 1986. On July 1, 1986, Chuska's Motion to Quash was denied by Conferee White.[3] The following day Chuska filed this action seeking injunctive relief.

## I. Background

The Supreme Court is vested with limited jurisdiction. This jurisdictional limitation compels an initial examination of the sources of this Court's power to issue injunctions, prior to considering Chuska's petition for injunction relief. The Supreme Court's appellate jurisdiction is established at 7 N.T.C. § 302, which gives the Court power to review final judgments and final orders of the District Courts and certain administrative agencies.[4] The Supreme Court's original jurisdiction stems from 7 N.T.C. § 303, which gives the Court supervisory authority over lower courts through extraordinary writs. *In the Matter of Contempt of: Arnold Sells*, 5 Nav. R. 37 (1985); *McCabe v. The Honorable Robert B. Walters*, 5 Nav. R. 43 (1985); see also *Yellowhorse Inc. v. The Honorable Robert Yazzie*, 5 Nav. R. 85 (1985). 7 N.T.C. §303 further authorizes the Supreme Court to

2. There are four levels of review in the administrative tax appeal process: Informal Conference; Formal Conference; Hearing Officer; and the Navajo Tax Commission. The final order of the Tax Commission is appealable to the Navajo Nation Supreme Court. Title 24, Navajo Tribal Code.

3. Conferee White denied the motion stating: "Neither the Statutes nor the Tax Administration Regulations provide for an action to quash the summons and subpoena issued pursuant to § 239, 339 or 439 and Regs. §§ 1.135 and 1.139. CECO's Motion is without statutory or regulatory authority. Finding no authority to bring such an action, the Motion to Quash must be denied as premature for lack of jurisdiction." ORDER DENYING MOTION TO QUASH, July 1, 1986, page. 2.

4. The Judicial Reform Act of 1985 defines District Courts as including the Children's Courts of the Navajo Nation. 7 N.T.C. § 103.

issue any writs or orders necessary and proper to the complete exercise of its jurisdiction. This power is available, pursuant to the Court's appellate jurisdiction, to preserve or protect the Supreme Court's jurisdiction. See *Nez v. Bradley,* 3 Nav. R. 126 (1982); see also *Federal Trade Commission v. Dean Foods Company, et al.,* 384 U.S. 597, 86 S. Ct. 1738 (1966). The Supreme Court's jurisdiction to issue an injunction is derived from two sources within 7 N.T.C. § 303; the necessary and proper clause and through its powers to supervise the lower courts.

## II. Original Jurisdiction

A petitioner seeking an injunction from the Supreme Court must proceed under 7 N.T.C. § 303. This section grants the Supreme Court both appellate and original jurisdiction. An evaluation of the proceeding and the purpose for the injunction will dictate the nature of jurisdiction invoked. Original jurisdiction is founded at that part of 7 N.T.C. § 303 which reads:

The Supreme Court shall have the power to issue any writs or orders . . . to prevent or remedy any act of any Court which is beyond such Court's jurisdiction, or to cause a Court to act where such Court unlawfully fails or refuses to act within its jurisdiction.

Petitions requesting an exercise of the Supreme Court's supervisory authority over lower courts have been initiated pursuant to this part. See *In the Matter of Contempt of: Arnold Sells,* 5 Nav. R. 37 (1985); *McCabe v. The Honorable Robert B. Walters,* 5 Nav. R. 43 (1985). Courts, as used in Section 303, pertain to the District Courts and the Children's Courts of the Navajo Nation.[5] The appropriate relief under 7 N.T.C. §303 includes the writs of mandamus, prohibition, superintending control, and an injunction. See *Yellowhorse Inc. v. The Honorable Robert Yazzie,* 5 Nav. R. 85 (1985), (application for writs of mandamus and prohibition denied). The statute mandates that any writ or order granted by the Supreme Court pursuant to its original jurisdiction shall be directed at a court. 7 N.T.C. § 303. Consequently, an original petition seeking an injunction must allege the Supreme Court's original jurisdiction under Section 303 and identify the court to be enjoined. Proof of the factors which necessitate restraint is also required.

We now examine Chuska's petition seeking injunctive relief. The petition alleges that the Supreme Court has jurisdiction to grant an injunction

---

5. This Opinion will not decide whether courts as used in 7 N.T.C. §303 includes quasi-judicial forums within administrative agencies. Here that forum would be the Hearing Officer.

pursuant to 24 N.T.C. § 234 (b) of the Tax Code. PETITION FOR INJUNCTIVE RELIEF, allegation numbered 18. We disagree. 24 N.T.C. § 234 (b) does not empower the Supreme Court with original jurisdiction to issue injunctions. Neither can the Supreme Court properly use 24 N.T.C. § 234 (b) to invoke its supervisory authority over lower courts. An appeal to the Supreme Court of a final Tax Commission decision is the only remedy available under 24 N.T.C. § 234 (b).

Nonetheless Chuska argued during oral arguments that its request for an injunction is proper under 7 N.T.C. § 303. The Supreme Court can enjoin, pursuant to its original jurisdiction established at Section 303, but that power is conditional upon Chuska showing that Formal Conference is a court. See 7 N.T.C. § 303. The evidence does not justify such reasoning. Formal Conference lacks the basic characteristics of a court. It lacks an adversarial setting and Conferee White is not authorized to accept only sworn testimony, apply the rules of civil procedure, or even rule on the admissibility of evidence. A formal record of the Formal Conference is not required to be maintained. See *Regulations of the Navajo Tax Commission, Rules and Procedures for Administrative Appeals,* § 1.820 *et seq.* (Compare with *Appeal Before Hearing Officer,* § 1.830 *et seq.*). To hold that the Supreme Court can supervise Conferee White and the proceedings in Formal Conference would amount to a strained interpretation of 7 N.T.C. § 303.

## III. Appellate Jurisdiction

We have just concluded that Chuska has failed to present an action under the Supreme Court's original jurisdiction established at 7 N.T.C. § 303. A subsequent inquiry is whether Chuska has a remedy of injunction available pursuant to the "necessary and proper clause" of 7 N.T.C. § 303. The language reads thus: "The Supreme Court shall have the power to issue any writs or orders necessary and proper to the complete exercise of its jurisdiction." (Following provisions omitted.)

As stated earlier, we believe that the necessary and proper clause performs through the Supreme Court's appellate jurisdiction. Any restraint ordered thereunder would serve to preserve or protect the Supreme Court's appellate jurisdiction. A petition for relief under the necessary and proper clause can be initiated by an interested party or on the Supreme Court's own prerogative. An injunction granted thereunder would enjoin a party from impeding the appellate jurisdiction of the Supreme Court. Situations inciting action under the necessary and proper clause include cases where the Supreme Court has lawfully acquired jurisdiction but efforts are being pursued to defeat jurisdiction; where the status quo must be maintained

pending review of an action on appeal; and where the Supreme Court has potential appellate jurisdiction but there is interference with that jurisdiction which prevents perfection of the appeal. The test is to show a need to preserve and protect the Supreme Court's appellate jurisdiction.

Chuska's petition does not allege a need to preserve or protect the Supreme Court's appellate jurisdiction. Chuska has not shown that either Conferee White or the Commission is hampering the appellate process concerning the assessment issue. Neither has it been shown that Conferee White's order will deny Chuska a right to appeal. In every respect, Chuska has not satisfied the test which would warrant an injunction to preserve or protect the Supreme Court's appellate jurisdiction.

The final inquiry relates to another aspect of the Supreme Court's appellate jurisdiction. The Supreme Court's appellate jurisdiction is sometimes reiterated in statutes governing administrative agencies. Here 24 N.T.C. § 234 (b), as amended in 1984, illustrates that point. The relevant part of Section 234 (b) states: "Appeals from final actions of the [Tax] Commission. . .shall be made only to the [Supreme Court] of the Navajo Nation. . . ." This part is consistent with 7 N.T.C. § 302 of the Judicial Reform Act of 1985, which grants the Supreme Court appellate jurisdiction "to hear appeals from final judgments and other final orders of the District Courts of the Navajo Nation *and such other final administrative orders as provided by law.*6" (Emphasis added.)

The burden is imposed upon the Petitioner to establish that the Supreme Court has jurisdiction to review a final decision pursuant to either 7 N.T.C. § 302 or 24 N.T.C. § 234 (b). As previously stated, Chuska brought its petition for injunctive relief pursuant to 24 N.T.C. § 234 (b), of the tax laws governing possessory interest tax. In contrast to 7 N.T.C. § 303, neither 24 N.T.C. § 234 (b) nor 7 N.T.C. § 302 grants the Supreme Court authority to issue an injunction. 24 N.T.C. § 234 (b) permits direct appeals of final Tax Commission decisions to the Supreme Court. Assuming that Chuska's petition is an appeal, then the question is whether the Conferee's denial of Chuska's motion to quash the subpoenas is a final order of the Commission which is appealable to the Supreme Court.

The Supreme Court is unavailable for review until all the substantial rights of the parties have been determined in the lower tribunal, whether that tribunal be District Court or administrative agency. The case must be fully adjudicated on the merits, and the entry of the final decision must preclude further proceedings in the lower tribunal. This was the Tribal Council's intent upon empowering the Supreme Court with jurisdiction to hear "final" decisions pursuant to 7 N.T.C. § 302.

6. The Court will leave the interpretation of "and such other final administrative orders as provided by law" for a future case.

An examination of Chuska's petition reveals its non-compliance with the "final" decision requirement of either 7 N.T.C. § 302 or 24 N.T.C. § 234 (b). Chuska's rights and the merits of the assessment issue remain undetermined at this point. The merits of the case have progressed only to the second level of the tax administrative review process with rights of appeal to the Hearing Officer and the Tax Commission intact. Conferee White's order of denial of Chuska's motion to quash cannot be interpreted as disposing of the merits of the assessment issue thereby the case is not ripe for appeal. Neither is the issuance of an administrative subpoena in the midst of a valid administrative proceeding an appealable action. Chuska's petition, alleging jurisdiction pursuant to 24 N.T.C. § 234 (b), therefore is an interlocutory appeal and Navajo Law precludes interlocutory appeals. See Orders in *Thompson v. General Electric Credit Corporation*, 1 Nav. R. 234 (1977); and *Todachine v. Navajo Tribe, et al.*, 1 Nav. R. 245 (1977). The Tax Commission has not entered a final decision therefore Chuska's appeal is premature. We hold that Chuska has failed to establish this Court's jurisdiction to entertain its petition pursuant to either 24 N.T.C. § 234 (b) or 7 N.T.C. § 302.

## IV. Conclusion

The Supreme Court has the power to enjoin under its original jurisdiction and under the necessary and proper clause. 7 N.T.C. § 303. Chuska's petition seeking injunctive relief falls outside the jurisdictional perimeters of 7 N.T.C. § 303. Therefore an injunction cannot be granted by the Supreme Court in this case.

Chuska contended at oral arguments that if the Supreme Court denied its petition, it will be left without a forum to vindicate its rights. We disagree. We believe the District Court is available to Chuska for declaratory and injunctive relief. Chuska's request for an injunction from the Supreme Court is therefore denied.

Chief Justice Tso and Justice Bluehouse concur.